IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Blondell-Elizabeth Floyd Gallman,<br><br>        Plaintiff,<br><br>v.<br><br>Department of Justice,<br><br>        Defendant. | C/A No. 3:17-2653-JFA-PJG<br><br><br>**ORDER** |

Blondell-Elizabeth Floyd Gallman (Plaintiff), proceeding pro se and *in forma paperis* pursuant to 28 U.S.C. § 1915, brings this action against the Department of Justice (Defendant). Plaintiff alleges that the wardens of two federal prisons – FCI Butner and FCI Morgantown – are holding her "property." By "property" Plaintiff appears to be referring to two men who share Plaintiff's last name. These men are incarcerated at the above named prisons. Plaintiff seeks damages for the holding of her "property" according to her Amended Complaint.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation and opines that this Court should dismiss the Amended Complaint without prejudice. (ECF No. 11). The Magistrate Judge found that Plaintiff's Amended Complaint fails to raise a claim because no cognizable cause of action exists for compensation of a relative or other person merely by the fact that they know or have a connection to an incarcerated person. Therefore, the Magistrate found that this Court has no subject matter jurisdiction and the matter should be

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i). The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates such without a recitation.

The Plaintiff was advised of her right to file objections to the Report and Recommendation, which was entered on the docket on December 8, 2017. Plaintiff filed objections to the Report on December 28, 2017. (ECF No. 15). On February 26, 2018, Plaintiff filed additional attachments to her objections. (ECF No. 16). These documents appear to be virtually identical. This matter is ripe for review.

The Court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Furthermore, "general and conclusory objections that do not direct the court to a specific error in the Magistrate's proposed findings and recommendations" are not specific objections and do no warrant de novo review. *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). Plaintiff fails to make a specific objection to the Magistrate Judge's Report. Plaintiff simply attaches the documents from this case that she previously sent to the Magistrate. Significantly, Plaintiff does not specifically point to any error in the Report. Therefore, de novo review is not warranted.

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation dismissing the Complaint without prejudice and without issuance and service of process. (ECF No. 11).

IT IS SO ORDERED.

April 17, 2018
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge